# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-0919V
Filed: March 29, 2019
UNPUBLISHED

|  |  |
|---|---|
| ANITA JAVORSKI,<br><br>                          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barré Syndrome (GBS) |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 7, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain- Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine that she received on October 19, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 16, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On March 28, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached to the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at Tab A. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following compensation:**

1. **A lump sum payment of $154,594.00**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($14,594.00), and pain and suffering ($140,000.00), **in the form of a check payable to petitioner, Anita Javorski.**

2. **An amount sufficient to purchase an annuity contract subject to the conditions described in the Proffer to provide payment as described in the Proffer, for the life care items contained in the life care plan and illustrated in the chart filed as an attachment (Tab A) to the Proffer, beginning with compensation for Year Two (on the first year anniversary of the date of the judgement) and all subsequent years, paid to the life insurance company from which the annuity will be purchased. To clarify, the annuity will cover all items of compensation set forth in the life care plan and illustrated in the chart attached to the Proffer at Tab A, except those items of compensation for which payment will be made under #1 above.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                       <u>**s/Nora Beth Dorsey**</u>
                                                     Nora Beth Dorsey
                                                     Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANITA JAVORSKI,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 17-919V<br>Chief Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.　　Items of Compensation**

　　A.　　Life Care Items

The parties engaged life care planner Shelly Kinney, MSN, RN, CNLCP, CCM, to provide an estimation of Anita Javorski's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed April 11, 2018. Based on respondent's Rule 4(c) Report, the Chief Special Master found petitioner entitled to compensation on April 16, 2018. All items of compensation identified in the joint life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Anita Javorski, attached hereto as Tab A.[1] Respondent proffers that Anita Javorski should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

B.  Lost Earnings

The parties agree that based upon the evidence of record, Anita Javorski has not suffered a past loss of earnings and is not likely to suffer a loss of earnings in the future. Therefore, respondent proffers that Anita Javorski should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that Anita Javorski should be awarded $140,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.  Past Unreimbursable Expenses

Petitioner represents that she has not incurred past unreimbursable expenses related to her vaccine-related injury.

## II.  Form of the Award

The parties recommend that the compensation provided to Anita Javorski should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $154,594.00, representing compensation for life care expenses expected to be incurred during the first year after judgment ($14,594.00), and pain and suffering ($140,000.00), in the form of a check payable to petitioner, Anita Javorski.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the joint life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Anita Javorski, only so long as Anita Javorski is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.  <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Anita Javorski, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Anita Javorski's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**     **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Anita Javorski:    **$154,594.00**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Assistant Director
        Torts Branch, Civil Division

        */s/Colleen C. Hartley*
        COLLEEN C. HARTLEY
        Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-3644

Dated: March 28, 2019

**Appendix A:  Items of Compensation for Anita Javorski**　　　　　Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2019 | 2020-2023 | 2024 | 2025-Life |
| Tricare for Life Supplement | 5% | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | |
| Primary Care Physician | 5% | * | | | | | |
| Urologist | 5% | * | | | | | |
| Pulmonologist | 5% | * | | | | | |
| Neurologist | 5% | * | | | | | |
| Lab Tests | 5% | * | | | | | |
| Physical Therapy | 5% | * | | | | | |
| Counseling | 4% | * | | | | | |
| Vitamin D | 4% | * | | | | | |
| Toviaz | 5% | * | | | | | |
| Flonase | 4% | * | | | | | |
| CellCept | 5% | * | | | | | |
| Prednisone | 5% | * | | | | | |
| Abscorbic Acid | 4% | * | | | | | |
| Allegra | 4% | * | | | | | |
| Multi Vitamin | 4% | * | | | | | |
| Walker | 4% | * | | | | | |
| Scooter | 4% | * | | | | | |
| Scooter Carrier | 4% | * | | | | | |
| Shower Chair | 4% | * | | | | | |
| Counter Height Swivel Stool | 4% | | | 182.00 | 12.13 | 12.13 | 12.13 |
| Lift Recliner | 4% | * | | | | 670.50 | 67.05 |
| Toilet Riser | 4% | * | | | | | |
| Utility Handles | 4% | * | | 16.00 | | | |
| Hand Held Shower | 4% | | | | | 22.50 | 2.25 |
| Stair Lift | 4% | * | | 4,000.00 | | | |
| Personal Services | 4% | | | 875.00 | | | |
| Ancillary Services | 4% | | M | 2,925.00 | 2,925.00 | 2,925.00 | 2,925.00 |
| Ancillary Services | 4% | | M | 3,536.00 | 3,536.00 | 3,536.00 | 3,536.00 |
| Ancillary Services | 4% | | M | 2,040.00 | 2,040.00 | | |
| Case Management | 4% | | | 1,020.00 | | | |
| Pain and Suffering | | | | 140,000.00 | | | |
| Annual Totals | | | | 154,594.00 | 8,513.13 | 7,166.13 | 6,542.43 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($14,594.00) and pain and suffering ($140,000.00): $154,594.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.